```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RICHARD M. WULF, JR.          :     CIVIL ACTION
                              :
         v.                   :
                              :
BANK OF AMERICA, N.A.,        :
et al.                        :     NO. 10-5176
```

ORDER

AND NOW, this 27th day of June, 2011, upon consideration of Defendants' Motion to Dismiss (Docket No. 13), the plaintiff's memorandum in opposition, defendants' reply thereto, the Report and Recommendation of Magistrate Judge Elizabeth T. Hey (Docket No. 29), the defendants' objections thereto, and plaintiff's response to the defendants' objections, and after oral argument held on May 26, 2011, IT IS HEREBY ORDERED that the Report and Recommendation is APPROVED and ADOPTED as follows.

The defendants' motion to dismiss is granted in part and denied in part. To the extent defendants seek dismissal of a separate claim for breach of the covenant of good faith and fair dealing (fourth claim for relief), the motion is granted. However, rather than requiring amendment, the allegations in that count are incorporated into the breach of contract count.

To the extent the defendants seek dismissal of the plaintiff's claims for violation of Pennsylvania's Unfair Trade Practice and Consumer Protection Law ("UTPCPL") and fraud (second

and third claims of relief), the motion is granted and these claims are dismissed because they are barred by the economic loss doctrine.

The motion is denied with respect to the breach of contract and TILA claims.  As the Court reads the language of the mortgage agreement, the Court cannot say that the plaintiff cannot recover on the breach of contract claim.  The title of the section is "Fire, Flood and Other Hazard Insurance."  The section then goes on to discuss hazards, casualties and contingencies including fire.  Arguably, this is separate from flood insurance that is discussed in the sentence starting "[b]orrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary."

What is required by the Secretary is insurance "in an amount at least equal to either the outstanding balance of the mortgage, less estimated land costs, or the maximum amount of the NFIP insurance available with respect to the property improvements, whichever is less."  The Court agrees with the defendants that the outstanding principle balance of the loan is the minimum, not maximum under the HUD regulations.  However, one could interpret to the extent "required" by the Secretary to refer to the minimum, which would be the outstanding balance of the loan.

The Court was informed at oral argument that the language at issue is from an FHA form that is required for all FHA loans.  The Court was also told that FEMA recommends that lenders require full replacement value when lending in a flood plain area.  It does seem incongruous that a lender would not be able to following FEMA's recommendation in connection with an FHA loan.  However, none of this was briefed by the parties and the Court is reluctant to make any conclusive decision on this point.

Although the Court is skeptical of a TILA claim even if there is a breach of contract claim, the Court will not dismiss the TILA claim at this point.

The parties are hereby ordered to send a letter to the Court on or before July 8, 2011, explaining to the Court how the parties would like to proceed with the litigation at this point.  Do the parties want to move to the class certification stage or do they want to submit cross-motions for summary judgment on the breach of contract claim?


                              BY THE COURT:


                              /s/ Mary A. McLaughlin
                              MARY A. McLAUGHLIN, J.