**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Lee M. Berger and Alice A. Berger, individually and on behalf of all other persons similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>Bank of America, N.A., and BAC Home Loans Servicing, LP,<br><br>   Defendants. | CIVIL ACTION NO. 10-11583-NMG<br><br><br>CLASS ACTION |
| Karyl Resnick, individually and as a representative of the classes,<br><br>   Plaintiff,<br><br>v.<br><br>Bank of America, N.A., and BAC Home Loans Servicing, L.P.,<br><br>   Defendants. | CIVIL ACTION NO. 12-10231-NMG<br><br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR**
**CONSOLIDATION FOR DISCOVERY PURPOSES**

**I.  PROCEDURAL AND FACTUAL BACKGROUND**

On September 17, 2010, Plaintiffs Lee and Alice Berger ("the Bergers") filed a class action complaint in the United States District Court for the District of Massachusetts, alleging that Defendants unlawfully forced the Bergers and other mortgagors to "maintain more hazard and flood insurance coverage than is required by their mortgage agreements." (Berger ECF No.

1 at ¶ 1.) On May 24, 2011, the Court ordered <u>Berger</u> to be consolidated with two other cases, <u>Lass v. Bank of America, N.A., et al.</u>, Case No. 11-10570-NMG and <u>Kolbe v. BAC Home Loans Servicing, LP</u>, Case No. 11-10312-NMG, based on the factual and legal similarities among them. (<u>Lass</u>, May 24, 2011 Electronic Order.). Following a hearing on a motion to reconsider this ruling,[1] the plaintiffs in <u>Berger</u>, <u>Kolbe</u>, and <u>Lass</u> subsequently stipulated that all three cases would be consolidated for purposes of discovery only, with separate briefing contemplated for class certification, summary judgment, and other merits-related motions. (Berger ECF No. 43.) On August 11, 2011, <u>Lass</u> was dismissed by the Court (Berger ECF No. 58) and on August 19, 2011, <u>Kolbe</u> also was dismissed (Berger ECF No. 59). The dismissal of both <u>Lass</u> and <u>Kolbe</u> is currently on appeal before the Court of Appeals for the First Circuit. (<u>Lass v. Bank of America, N.A., et al.</u>, Appeal No. 11-2037; <u>Kolbe v. BAC Home Loans Servicing, LP, et al.</u>, Appeal No. 11-2030.)

On December 10, 2010, Richard M. Wulf, Jr. filed a class action complaint in the United States District Court for the Eastern District of Pennsylvania, alleging that Defendants unlawfully forced Wulf and other borrowers with mortgage loans or lines of credit to "maintain flood insurance in amounts greater than required by . . . the relevant loan and mortgage documents." (<u>Wulf v. Bank of America, N.A., et al.</u>, Case No. 10-05176-MAM, Resnick ECF No. 1 at ¶ 1.) On June 27, 2011, the <u>Wulf</u> Court granted Plaintiff Wulf leave to file an amended complaint adding Karyl Resnick, a home equity line of credit borrower, as an additional named plaintiff. (Resnick ECF No. 43.) On July 8, 2011, the amended complaint was filed adding Plaintiff Resnick's claims. (Resnick ECF No. 45.) Defendants then moved to sever Resnick's claims and transfer them to the District of Massachusetts. (Resnick ECF No. 62.) On January 6,

---

[1] Plaintiff Lass moved for reconsideration on May 31, 2011, and the Court held a hearing on June 8, 2011.

2012, the Pennsylvania Court granted Defendants' Motion to Sever and Transfer, and transferred Resnick's case to this Court. (Resnick ECF No. 66.)[2] In its order, the Pennsylvania court noted that "the language at issue in the Resnick agreement . . . is very similar to the language that is at issue in . . . Berger[.]" (Resnick ECF No. 66.)

## II. ARGUMENT

Under Federal Rule of Civil Procedure 42(a), consolidation is suitable when "actions before the court involve a common question of law or fact." Here, the Plaintiffs in Berger and Resnick both allege that Defendants required them to obtain excessive flood insurance. *See Exhibit 1* (Berger Complaint); *Exhibit 2* (Resnick First Amended Complaint). Therefore, the parties agree that the cases should be consolidated for discovery purposes only, as certain issues in the two cases will overlap.

## III. CONCLUSION

For the reasons set forth herein, the parties respectfully request that the Court grant this Joint Motion to consolidate Berger and Resnick for the purposes of discovery.

Dated: March 2, 2012                                  Respectfully submitted,

/s/ Kai H. Richter
Kai H. Richter (MN Bar No. 0296545)*
*Admitted Pro Hac Vice*
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
krichter@nka.com

---

[2] Wulf's claims were subsequently resolved, and Wulf filed a joint stipulation of voluntary dismissal of his claims on January 25, 2012 (Resnick ECF No. 70). That stipulation does not affect Resnick's claims. (Id.)

*and*

Edward F. Haber (#215620)
Adam M. Stewart (#661090)
SHAPIRO HABER & URMY, LLP
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134
ehaber@shulaw.com
astewart@shulaw.com

ATTORNEYS FOR PLAINTIFFS IN
BERGER and RESNICK MATTERS

Dated:  March 2, 2012                    /s/ Matthew G. Lindenbaum
John C. Englander (#542532)
Matthew G. Lindenbaum (#670007)
Dennis N. D'Angelo (#666864)
GOODWIN PROCTER, LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone: (617) 570-1000
Facsimile: (617) 570-1231
jenglander@goodwinprocter.com
mlindenbaum@goodwinprocter.com
ddangelo@goodwinprocter.com

ATTORNEYS FOR DEFENDANTS
IN BERGER and RESNICK MATTERS

## **CERTIFICATE OF SERVICE**

      I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 2, 2012.

                                                                          /s/ Kai H. Richter
                                                                          Kai H. Richter